UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GURDEEP S. BOPARAI,

Plaintiff,

v.

MULTICARE HEALTH SYSTEM INC.,

Defendant.

CASE NO. 2:26-cv-03223-JNW

SECTION 1915 SCREENING ORDER

Plaintiff Gurdeep S. Boparai proceeds in forma pauperis ("IFP"), so the Court must review his complaint for sufficiency under 28 U.S.C. § 1915(e)(2)(B). Because the Court finds that Boparai's complaint fails to state a claim upon which relief can be granted, it DISMISSES the complaint with leave to amend.

Section 1915 requires the Court to dismiss an IFP action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Thus, to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pro se pleadings, such as the Complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Boparai's complaint fails to state a claim upon which relief can be granted. Boparai states that he was discriminated against, but he does not explain on what basis. *See* Dkt. No. 5 at 4. He also alleges that Defendants[1] violated his First Amendment rights, but he does not allege a viable claim for a constitutional violation under 42 U.S.C. § 1983. Finally, Boparai cites "44 P.S. 1101.604–606"; the Court is unable to determine what cause of action this citation refers to.

Additionally, Boparai's complaint fails to state a basis for federal subject-matter jurisdiction. Boparai's complaint alleges that the Court has diversity jurisdiction over this matter. *See* Dkt. No. 5 at 3; 28 U.S.C. § 1332. Diversity

[1] While the caption names only "Multicare Health System" as a Defendant, the complaint also names Matthew McCauley as a Defendant. Dkt. No. 5 at 2.

jurisdiction only exists when the plaintiff and defendant are citizens of different states and the amount in controversy is over $75,000. *Id*. The complaint states that Plaintiff and Defendants are all citizens of Washington, meaning there is no diversity of citizenship. Dkt. No. 5 at 1–2.

Accordingly, the Court ORDERS:

1. The Court DISMISSES the complaint WITHOUT PREJUDICE and GRANTS Boparai leave to amend.
2. Boparai must file an amended complaint within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for his claims as required by Fed. R. Civ. P. 8. The Court DIRECTS the Clerk to calendar this deadline.
3. The amended complaint will operate as a complete substitute for Boparai's original complaint. Thus, any amended complaint must not cross-reference his previous complaint, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to which Defendants, when the alleged wrongdoing occurred, and the specific relief requested.

Dated this 16th day of September 2026

Jamal N. Whitehead
United States District Judge