UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURDEEP S. BOPARAI,<br>Plaintiff,<br>v.<br>MULTICARE HEALTH SYSTEM INC.,<br>Defendant. | CASE NO. 2:26-cv-03223-JNW<br>ORDER |

On September 16, 2026, the Court reviewed Gurdeep S. Boparai's complaint for sufficiency under 28 U.S.C. § 1915(e), as he is proceeding in forma pauperis ("IFP"). Dkt. No. 6. The Court found that the complaint had serious deficiencies and failed to state a claim. *Id.* at 2–3. Thus, the Court dismissed the complaint without prejudice and directed Boparai to file an amended complaint within 14 days. *Id.* at 3. Boparai moves to extend that deadline and for the appointment of counsel. Dkt. Nos. 7; 8.

In general, people have no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, when a civil litigant proceeds IFP, a court may appoint counsel, in "exceptional circumstances," under 28 U.S.C.

§ 1915(e)(1). *Id*. "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (citation modified). Courts must view these considerations together, and neither consideration is dispositive. *Id*.

Weighing these considerations, the Court declines to appoint counsel for Boparai at this time, as no exceptional circumstances exist. The Court has already dismissed Boparai's complaint with leave to amend, finding that it fails to state a claim. Dkt. No. 6 at 3. As the Court explained in its prior order, there are numerous problems with Boparai's discrimination claim, and Boparai fails to state a basis for subject-matter jurisdiction. Additionally, Boparai's claims are not unusually complex, and his complaint demonstrates an ability to communicate the facts of his case. While he may struggle to articulate his legal claims, these considerations weigh against appointing counsel at this time.

However, as Boparai is proceeding pro se and attempting to find an attorney to represent him, the Court finds good cause to continue Boparai's deadline to amend his complaint in this matter for an additional 30 days.

Accordingly, the Court GRANTS Boparai's motion for extension of time, Dkt. No. 7, and DENIES his motion to appoint counsel with leave to renew, Dkt. No. 8. The deadline for Boparai to file his amended complaint is CONTINUED to November 2, 2026. The Clerk is DIRECTED to re-note this deadline on the Court's calendar.

Dated this 2nd day of October, 2026.

Jamal N. Whitehead
United States District Judge